FILED

# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA

2009 OCT 26 D 3: 58

| UNITED STATES OF AMERICA | JUDGMENT IN A CRIMINAL CASE |
|---|---|
| v. | (For Revocation of Probation or Supervised Release) |
| BERTRAM JERONMY HARRISON | CASE NUMBER: 3:01-cr-137-J-25TEM<br>USM NUMBER: 29437-018 |
| | Defendant's Attorney: Gonzalo Andux, Esq. (cja) |

## THE DEFENDANT:

__X__ Defendant admitted guilt to violation of Allegation number(s) __1__ of the terms of supervision.

| Violation Charge Number | Nature of Violation | Violation Ended |
|---|---|---|
| One | Failure to Reside in a Residential Re-entry Center in violation of the Special Condition of Supervised Release | February 12, 2009 |

The defendant is sentenced as provided in pages 2 through __2__ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

__X__ The defendant's terms of supervised release are hereby modified.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

Date of Imposition of Sentence: October 21, 2009

HENRY LEE ADAMS, JR.
UNITED STATES DISTRICT JUDGE
DATE: October __26__, 2009

## SUPERVISED RELEASE

The defendant shall continue on the same terms and conditions of supervised release as previously imposed.

## MODIFICATION OF SUPERVISED RELEASE

x    The defendant shall participate in the Home Detention program for a period of **120 days**. During this time, defendant will remain at defendant's place of residence except for employment and other activities approved in advance by the defendant's Probation Officer. Defendant will be subject to the standard conditions of Home Detention adopted for use in the Middle District of Florida, which may include the requirement to wear an electronic monitoring device and to follow electronic monitoring procedures specified by the Probation Officer. Further, the defendant shall be required to contribute to the costs of services for such monitoring not to exceed an amount determined reasonable by the Probation Officer based on ability to pay (or availability of third party payment) and in conformance with the Probation Office's Sliding Scale for Electronic Monitoring Services.